NEWYORK,
May, 1812.

GREENBY
v.
CHEEVERS.

GREENBY *against* CHEEVERS.

In *September*, 1803, A. contracted to sell and convey to B. a certain piece of land, for which B. was to pay 468 dollars, 100 dollars on 1st *January*, 1805, 100 dollars on the 1st *January*, 1806, and the residue in two years thereafter, and the deed was to be executed when one half of the purchase-money was paid, &c. At the time of the contract there was a prior mortgage on the land from A. to C. dated *Feb.* 1802, duly registered in *July*, 1802, for securing the payment of a sum of money in five annual instalments. B. having paid to A. 83 dollars on the contract, brought an action of *assumpsit* to recover back the money, on the ground of fraud. It was held that the mere fact of the existence of the mortgage at the time of the contract was not evidence of fraud, so as

IN error, from the court of common pleas of *Jefferson* county. The plaintiff below, *Cheevers*, declared in *assumpsit*, for money paid, &c. money lent, &c. and money had and received, &c. The defendant below pleaded *non assumpsit*.

At the trial of the cause, the plaintiff gave in evidence an agreement, dated the 14th of *September*, 1803, by which *Greenby* agreed to sell and convey, by a good and sufficient deed, to *Cheevers*, a certain piece of land, at 3 dollars per acre, if *Cheevers* should do and perform his promise, contained in the same agreement, which was to pay *Greenby* 468 dollars and 79 cents, to wit, 100 dollars on the 1st *January*, 1805, and 100 dollars on the 1st *January*, 1806, and the residue in two annual instalments; *Greenby* agreed to give the deed on the payment of one half of the purchase-money, subject, however, to a mortgage for the security of the remainder.

The plaintiff also gave in evidence a mortgage, dated 22d *February*, 1802, and registered 23d *July*, 1802, from *Greenby*, *Joseph Wilcox* and *Elihu Gillett*, to *Daniel M'Cormick* and *Charles Smith*, which covered the same land, for securing the payment of 7,620 dollars, in five annual payments. The plaintiff also proved, that he had, at different times, paid to the defendant on the contract, 83 dollars and 36 cents, including interest.

On this evidence the defendant's counsel moved for a nonsuit, which was overruled by the court below, who were of opinion that, the land being encumbered by the mortgage to *M'Cormick* and *Smith*, the plaintiff had a right to disaffirm the contract, and bring this action to recover back the money he had paid; and that the evidence should go to the jury, to show the fraud of the defendant. The jury accordingly found a verdict for the plaintiff, for 83 dollars and 36 cents.

The counsel for the defendant tendered a bill of exceptions to the opinion of the court below, on which the writ of error was brought to this court.

to vacate the agreement, and give B. a right to disaffirm it; for it might be that A. would have paid off the mortgage before the time when he was to convey to B. so as to give him a good title. And B. at least, ought first to have paid the one half of the purchase-money, and put himself in a condition to demand a deed, before he charged A. with a default.

The case was submitted to the court, without argument.

LANSING
v.
PRENDERGAST.

*Per Curiam.* The mere fact of the existence of the mortgage at the time the plaintiff in error entered into the contract, was not evidence of fraud, so as to vacate the agreement. The mortgage was upon record and open to the knowledge of *Cheevers.* *Greenby* did not agree to convey until one half of the purchase-money was paid, and one half of it would not be due and payable until the 1st of *May*, 1806. By that time, the mortgage would have been due and payable, and it is to be presumed that *Greenby* would then have put himself in a capacity to convey a good title. He was careful not to contract to convey until the arrival of the time when he was to pay up the mortgage. If *Cheevers* had waited until half of his purchase-money was due, and had then offered to pay it on receiving the deed, and *Greenby* had then been incapacitated to convey, by the outstanding mortgage which he had omitted to redeem, there might have been ground to consider the contract as at an end, and rescinded. But *Cheevers* had paid but 83 dollars and 36 cents, and had never put himself in a condition to demand a deed, nor to charge *Greenby* with a default. The case has no analogy to that of *Van Benthuysen* v. *Crasper*. (8 *Johns. Rep.* 257.) The plaintiff below showed no right of action, and the judgment must be reversed.