## SIBLEY *vs.* SPRING.

Where one covenanted to " sell and convey" a lot of land for an agreed price, to be paid at a time subsequent to the giving of the deed, it was held that a tender of a deed of warranty while the land was under the incumbrance of a mortgage, was not a fulfilment of the covenant.

And such covenantee in an action on the covenant was permitted to recover the value of certain work he had done for the covenanter in part payment for the land.

THIS was an action of *covenant broken,* founded upon a contract under seal, between the parties, by which the defendant covenanted to sell and convey to the plaintiff a certain house lot in *Calais ;* the deed to be given on a day fixed. For which, the plaintiff was to do certain mason work, and within one year after the delivery of the deed, pay the sum of $200 : The plaintiff did the work as agreed, and demanded a fulfilment of the covenant on the part of the defendant, or payment for his labor. The defendant then made and tendered to the plaintiff, a warranty deed of the lot, but the plaintiff refused to receive it, on the ground that the land was incumbered by a mortgage given by the defendant to his grantor for the original consideration ; and the question was, whether this tender of the defendant, under these circumstances was a fulfilment of his covenant. And it was agreed by the parties, that the Court should render such judgment upon these facts, as in their opinion would be conformable to the law of the case.

*Chase,* for the plaintiff.

The defendant's covenant was broken by the existence of the mortgage. *Porter* v. *Noyes,* 2 *Greenl.* 22 ; *Greenby* v. *Cheevers,* 9 *Johns.* 126 ; *Van Eps* v. *Schenectady,* 12 *Johns.* 436.

A good title as well as a good deed was intended. *Wilde* v. *Frost,* 4 *Taunt.* 334 ; 6 *Cowen,* 445 ; *Judson* v. *Wass,* 11 *Johns.* 525.

Whether the plaintiff knew of the mortgage at the time of the contract cannot affect the case. 5 *Taunt.* 334.

He cited further, *Brown* v. *Bellows,* 4 *Pick.* 179 ; 2 *Caines' R.* 195 ; *Sug. Vend.* 246 ; *Parker* v. *Palmer,* 20 *Johns.* 130 ;

Bean v. Mayo, 5 Greenl. 94 ; Allen v. Sayward, 5 Greenl. 227 ; Jackson v. Peck, 4 Wend. 300.

That parol evidence was inadmissible in the case, 5 Cowen. 507.

Mellen & Vance, for the defendant, insisted that the words, " sell and convey" did not imply a covenant to convey a good and valid title. Spring was mortgagor in possession, and as to all the world except Deming was the owner. The land therefore, passed by the deed. The conveyance in fact, was more full than the contract required, containing as it did all the usual covenants. There is a difference between a covenant to convey a lot of land, and to convey an indefeasible title. The covenant in this case was not of the latter description.

Weston C. J. — The case finds that the plaintiff, having kept the covenants on his part to be performed, did, before the commencement of this action, demand performance of the defendant ; or payment of the value of his labor. And the question submitted to us is, whether performance had been duly tendered, on the part of the defendant. This depends upon the true construction of his covenant. He was to sell and convey a house lot particularly described, to the plaintiff, of which he was to have a deed at a stipulated period. Does this covenant require, that the defendant should give a good title to the plaintiff of the lot described, free of all incumbrances ? We are of opinion that it does. The plaintiff was to give what was understood to be the full value of the land. Paying a full equivalent, he had a right to expect the entire enjoyment of the property, free from all lawful claims or demands. This is fairly to be understood, by the sale of the one, and the purchase of the other.

It is urged in argument, that the case before us differs from the New York cases, cited for the plaintiff; as he had notice of the incumbrance, on account of which he objects to the conveyance, tendered by the defendant. But in Greenby plff. in error v. Cheevers, 9 Johns. 126, Greenby had agreed to sell and convey, by a good and sufficient deed, to Cheevers, a certain piece of land, at a certain price, to be paid by instalments. Cheevers had paid a portion of the purchase money, but had not paid enough

to entitle him to a deed, and finding that the land, with other lands, was under mortgage, and claiming a right upon that ground to disaffirm the contract, brought assumpsit to recover back what he had paid. It appeared that at the time of the agreement, the mortgage was on record; and open to the knowledge of *Cheevers*. The mortgage was payable before *Cheevers* would have been entitled to his deed, and the court, presuming that *Greenby* intended by that time to pay it, and put himself in a capacity to convey a good title, held that *Cheevers*, the plaintiff below, had no cause of action, and reversed the judgment, rendered in his favor. But they say, if *Cheevers* had waited, until half his purchase money was due, upon payment of which he was to have his deed, "and had then offered to pay on receiving his deed, and *Greenby* had then been incapacitated to convey, by the outstanding mortgage, which he had omitted to redeem, there might have been ground to consider the contract at an end and rescinded." The court thus intimate an opinion, that such an incumbrance justifies a refusal of the deed; and this, although the party refusing knew of its existence, at the time of the contract.

*Aiken* v. *Sanford*, 5 *Mass.* 494, cited for the defendant, was debt on bond, and the decision turned upon the terms of the condition set forth on oyer, which were that the defendant should sell and convey to the plaintiff a tract of land, by good and sufficient deed of warranty. The court held that the import of these words was confined to the form of the deed, and its execution, and not to the title. There the consideration was first to be paid, after which the party was to receive his deed; and the court said that if the title failed, he might as well sue on the covenants in his deed, as on his bond. But they observed, that if the money was to be paid on receiving the deed, another construction might be reasonable; otherwise the purchaser might part with his money for a lawsuit. There is the same objection to the obligation of receiving such a deed where, as here, the whole or the greater part of the consideration is at all events to be paid afterwards. The party is compellable to pay, if he cannot refuse the deed, even although attended with the probability

if not the certainty, of a lawsuit. If the justice of the case, upon the hypothesis assumed, would have required that a good and sufficient title should be conveyed, where the party had stipulated to be secured by a covenant of general warranty, as in the case cited, there is a greater necessity for the same requirement in regard to the contract in question, which contained no such stipulation.

It is insisted that the remaining land, with the house upon it, was ample security for the incumbrancer; but he might have taken, whenever he pleased, the lot the plaintiff had agreed to purchase, and thus have deprived him of the enjoyment of it, or subjected him to the loss of it altogether, upon foreclosure, unless he advanced money for its redemption. It would be unreasonable and unjust to subject the plaintiff to these hazards and contingencies.

In our opinion the tender of the deed, made by the defendant, the land being incumbered, was not a fulfilment, or an offer to fulfil, the covenant on his part, for the breach of which this action is brought. Judgment is to be rendered for the plaintiff, for the agreed value of the labor performed by him, with interest from the time of the demand, made by him upon the defendant.