HICKEY v. DOLE & a.

A contract binding under the statute of frauds may be gathered from letters relating to the subject-matter, and so connected that they may be fairly regarded as constituting one writing.

A plaintiff's right to specific performance of a contract does not depend upon the defendant's being entitled to the same remedy.

In a suit to enforce specific performance of a contract for the conveyance of land, the administrator and heirs of one of the contracting parties are properly joined as defendants when their joinder is necessary for a decree that will leave no part of the plaintiff's title open to controversy or doubt.

BILL IN EQUITY, for specific performance.　Facts found by a referee.　In March, 1882, the plaintiff owned timber land, and a mill and other buildings, called the Stark Mill property, and was engaged in the business of manufacturing lumber.　The property had been mortgaged to Emery, who had obtained a judgment of foreclosure and been put in possession on a writ of possession, and the plaintiff's time of redemption had nearly expired.　Being unable to redeem, the plaintiff applied to the defendant, Charles E. Dole, and one Gilbert Soule (now deceased), for assistance, and an oral agreement was made that Dole and Soule would redeem the property, and reasonably extend the plaintiff's time of redeeming an undivided half of it.　March 20, 1882, the plaintiff gave Dole and Soule a quitclaim deed of the premises.　At the same time the following paper, signed by Soule but not signed by Dole, was delivered to the plaintiff:

"Whereas Edward Hickey . . . has this day quitclaimed to Charles E. Dole of Bangor, Maine, and Gilbert Soule of Northumberland, New Hampshire, all his real estate in the towns of Stark, Milan, and Berlin, . . . Now the said Dole and Soule agree, in case they fail to redeem said property from the mortgage now existing upon the same, to release said real estate to said Hickey on demand, after the first day of April, 1882 ; and in case said Dole and Soule do redeem said property from the mortgage thereon, said Hickey shall have the right to pay said Dole and Soule one half of all the advances made by them upon said property, and thereupon said Dole and Soule are to release to said Hickey one undivided half of said real estate.

"Dated this 20th day of March, 1882.　　　　Gilbert Soule."

The plaintiff furnished Dole and Soule with means of redeeming the property to the amount of $1,000, and Dole and Soule used those means and in addition thereto paid the mortgagee $9,500 of their own money, and the mortgagee gave them a warranty deed, April 28, 1882.　The oral contract of the plaintiff and Dole and Soule included an agreement that Dole and Soule should obtain a

deed from the mortgagee for the purpose of enabling the plaintiff to go on in the business of cutting and manufacturing lumber on the premises.

After April 28, 1882, Dole and Soule agreed that Dole should furnish money (at a stipulated interest) for carrying on the business, and that Soule should sell the lumber on commission. It was also agreed that the plaintiff should superintend the business at the mill, and be paid $800 a year for his services. The second winter, and subsequently, the business was carried on under other arrangements.

Soule died January 20, 1884. His administrator was appointed January 31, 1884, and a commissioner of insolvency was appointed the same day. The estate was in fact solvent. The plaintiff did not present a claim to the administrator within two years after the grant of administration, and did not present a claim to the commissioner of insolvency. December 12, 1885, all the heirs of Soule who were of age, and his widow, conveyed their interest in the Stark mill property to the defendant, Colin M. Stuart; and the widow, as guardian of a minor heir, agreed to procure a license and convey the minor's interest to Stuart. Stuart purchased with notice of the plaintiff's rights, or under such circumstances that he was put upon inquiry. This bill was filed February 20, 1886. By an amendment at the trial, Soule's administrator was joined as a defendant.

The business of the mill has been so lucrative that the amount of money received by Dole, Soule, and Stuart is more than all their advances and expenses, including the $9,500. If the plaintiff is entitled to an equitable accounting, and to a decree for redemption of an undivided half of the property (or specific performance equivalent thereto), there is nothing to be paid by him, but there is a balance due him. His right of redemption or specific performance is not barred by laches. The correspondence of the plaintiff and Dole is a part of the case.

*Ladd & Fletcher, F. Ladd,* and *Drew & Jordan,* for the plaintiff.

*E. A. & C. B. Hibbard* and *W. & H. Heywood,* for Dole and Stuart.

*Drummond & Drummond* (of Maine), for Soule's administrator and heirs.

DOE, C. J. The writing signed by Soule is a valid contract, and if it had been signed by Dole, the statute of frauds would not have been a defence. Letters written by Dole to the plaintiff refer to and recognize the contract signed by Soule, and the plaintiff's "right to redeem the property." They contain the substance of so much of that contract as is material in this case, and they are as

effective as his signing the formal agreement would have been. *Brown* v. *Whipple*, 58 N. H. 229; *Webster* v. *Clark*, 60 N. H. 36; *Rafferty* v. *Lougee*, 63 N. H. 54; *Barrell* v. *Joy*, 16 Mass. 221, 223; *Urann* v. *Coates*, 109 Mass. 581, 584; *Kingsbury* v. *Burnside*, 58 Ill. 310; *Ryan* v. *U. S.*, 136 U. S. 68, 83; *Forster* v. *Hale*, 3 Ves. 696, 708, 709—*S. C.*, 5 Ves. 308, 315; Browne St. of Frauds, *ss.* 7, 98, 99, 346, 346 *b*. They prove the plaintiff's " right to redeem " at least one half of the Stark mill property; and as one half is all he claims, it is not necessary to inquire whether, as against Dole, the letters show the plaintiff entitled to more than half. His " right to redeem," established against Dole by the letters, is his right, established by the writing signed by Soule, to have half of the property when he pays half of the advances made by Dole and Soule. Both descriptions of this right mean that the amount to be paid by him is to be ascertained by such an equitable accounting as attends a mortgagor's exercise of his right of redemption. On such an accounting the referee has found a balance due the plaintiff. When he receives that balance and half of the land, the other half of the land will be the profit of those who prevented a foreclosure. The plaintiff's right to specific performance does not depend upon the mutuality of that remedy. *Eckstein* v. *Downing*, 64 N. H. 248.

Upon the facts found, it cannot be held as matter of law that the suit was not seasonably brought. The plaintiff is entitled to a conveyance from Dole, and from Stuart who became a grantee of some of Soule's heirs with notice of the plaintiff's rights. Soule's administrator was properly joined as a defendant. Whatever may be the several obligations of the defendants to contribute to the payment of the balance due the plaintiff, Soule's administrator and heirs may well be made defendants for the purpose of a decree that will leave no part of the plaintiff's land title open to controversy or doubt. He is not bound to rely upon the evidence relating to Stuart's acquisition of a part or the whole of Soule's title.

*Decree for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.