# Jackson *v.* Parrish.

*Assumpsit.*

(Decided Nov. 27, 1907.   47 South. 1014.   Rehearing denied
Dec. 24, 1908.)

*Brokers; Sales; Commissions After Withdrawal of Authority.—*
Plaintiff was commissioned by defendant to sell property at a certain
price, and wrote that he could not obtain such price.   Defendant
replied stating that she felt at liberty to withdraw "from the propo-
sition under consideration, if she chose."   The broker replied that
upon receipt of her letter he had seen his client, who declined to
pay the price asked, and that "It looked like the matter was closed
unless he should accept the lower offer."   Held, that the letter of the
broker, upon its being mailed, terminated the agency at the time of
mailing, and that the broker was not entitled to commission on the
sale negotiated by him the day after mailing the letter.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by W. A. Jackson against Clara M. Parrish
for commissions.   Judgment for defendant, and plain-
tiff appeals.   Affirmed.

Some correspondence passed between plaintiff and de-
fendant in reference to the sale of a certain lot at a cer-
tain price, with agreement as to the commission to be
paid.   On March 28th defendant addressed to plaintiff
the following letter:  "Not hearing from you in reply to
my letter of Thursday last, I wish to say that I now feel
at liberty to withdraw, if I choose, from the proposition
under consideration."   On March 29th plaintiff address-
ed defendant a letter, so much of which as is material
here is as follows:  "On receipt of your letter offering
to sell for $10,000, payable $4,000 in cash, balance one
year from date at 6 per cent., we saw our client again,
but could not make the deal, as he stated that the main
objection to the property was the long and liberal lease
held by Mr. Rice.   Therefore it looks like the matter
is closed, unless you will accept client's offer of $3,000

[Jackson v. Parrish.]

cash, balance secured by mortgage at 5 per cent., on terms stated above. We are sorry, indeed, to have put you to so much trouble in the matter, and want to thank you for your consideration of propositions." On March 30th plaintiff addressed to defendant the following telegram: "Have sold property, $4,000 cash on delivery of deed, $6,000 secured by mortgage, 6 per cent., one year, and received $100 to bind the trade." This was followed by letters on March 30th and 31st from plaintiff to defendant, inclosing deed and mortgage. On April 2d defendant wrote plaintiff declining to consummate the sale.

FRED. S. BALL and J. M. CHILTON, for appellants. Counsel discuss assignments of error but without citation of authority.

J. R. SATERFIELD and RUSHTON & COLEMAN, for appellee. No brief came to the Reporter.

ANDERSON, J.—Conceding, without deciding, that the defendant authorized the plaintiff to sell the lot, that he had this right until withdrawn by the defendant, and that the letter of March 28th was not a withdrawal, but a mere emphasis of her legal right to do so, yet the plaintiff had the unquestioned right to decline to exercise the authority and thus terminate the agency. On March 29th the plaintiff wrote and mailed to the defendant a letter in effect declining to further prosecute his efforts to sell and virtually closing the matter. This was a clear declination on the part of the plaintiff to exercise the authority previously given him, and became operative and binding upon him upon mailing said letter. 24 Am. & Eng. Ency. Law, 1030; Parsons on Contracts, vol. 1, §§ 500-503, and note; Benj. on Sales, 54 to 72; 9 Cyc. 294. The plaintiff, having surrendered his authority

by his letter of March 29th, was without authority to make a sale the next day, and the making of the sale could not, of itself, redelegate or reinstate authority that had been previously surrendered. Whether or not the plaintiff could have revoked his declination by telegram to defendant previous to the receipt by her of the letter we need not decide, as there was no attempt to do so before making the sale. The telegram was not sent until after the sale was made, and merely informed the defendant of the sale, ex vi termini, that he had exercised an authority which he had previously renounced by his letter. As the sale was not authorized when made, and was not ratified by the defendant, the trial judge properly rendered a judgment for the defendant.

The financial condition of Haygood's mother was immaterial; but, if it was, its exclusion was without injury, as no point was made as to his ability to pay for the property.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL, SIMPSON, DENSON, and McCLELLAN, JJ., concur.