Hillsborough,  
Nov. 4, 1913.

ALFRED LAFORME *v.* CORA B. BRADLEY & a.

A memorandum of a sale of real estate which refers to an advertisement wherein the premises are plainly and correctly described is sufficiently definite to satisfy the statute of frauds.

BILL IN EQUITY, for the specific performance of a contract for the sale of real estate. Facts found by a master. Transferred from the May term, 1912, of the superior court by *Plummer*, J., without a ruling on the question of law involved.

*Charles W. Hoitt* and *Henry A. Burque*, for the plaintiff.

*Wason & Moran*, for the defendants.

WALKER, J. It appears from the case that August 14, 1908, the defendants, Cora B. Bradley and her husband William J. Bradley, owned certain real estate known as the "Woodward farm," that they authorized the sale of the land at auction on that date, and that it was sold to the plaintiff. The auctioneer gave the plaintiff a receipt signed by himself for the sum of $100, "as a deposit and in part payment for the place this day sold by me at public auction for the sum of $3,125." The plaintiff also signed a memorandum that he had "purchased at public auction" of the auctioneer "the real estate described in the printed advertisement hereto annexed." The property was advertised as "the Bradley farm, commonly known as the Woodward farm." The defendant Cora signed this statement at the end of the memorandum, "We hereby approve of the above sale," but now declines to execute a deed of the land to the plaintiff.

In the absence of a brief, argument, or suggestion from the defendants, it is not clear what questions they desired to raise. We therefore assume that the plaintiff correctly states the only point in controversy in his brief to be, whether the land in question was sufficiently described in the memorandum of sale which was signed by Cora and the plaintiff. Other defences, if any, are apparently waived. As the memorandum refers to the advertisement for a description of the premises, and as they are there referred to as "the Bradley farm, commonly known as the Woodward farm," the

memorandum must be read as though those descriptive words had been incorporated in it. All documents referred to in a memorandum of sale may be considered upon the question whether it is sufficiently definite to satisfy the statute of frauds. *Hickey* v. *Dole,* 66 N. H. 336; *Brown* v. *Whipple,* 58 N. H. 229. There is no suggestion that the above quoted description is ambiguous, meaningless, or incorrect. On the contrary, it seems to be a sufficiently definite description of the land which was the subject-matter of the sale. "A written contract is sufficiently definite whenever it is reasonably certain from the contract itself and the acts of the parties in performance of it what land was intended." *White* v. *Poole,* 74 N. H., 71, 73. In this case the land intended to be sold, and which was sold, was the Woodward farm. At least Cora Bradley is bound by the memorandum. How the estate of her husband, who is now deceased and who does not appear to have signed the contract of sale, may be affected, is a question which the plaintiff has not argued and which may be of no practical importance. It has not, therefore, been considered. There should be a decree for specific performance against Cora Bradley.

*Case discharged.*

All concurred.