(92 South. 902)

**ARRINGTON et al. v. BLACKWELL et al. (7 Div. 241.)**

(Supreme Court of Alabama. April 13, 1922.)

**1. Vendor and purchaser ☞172 — Error to charge interest on deferred payments, unless expressly provided.**

Where, in a land contract under which purchasers were let into possession, there was nothing to support any implication that interest attached to deferred payments prior to their maturity, it was error to charge the purchasers interest thereon from the date of the contract.

**2. Interest ☞50—Tender of deferred paymest to prevent interest excused, where made impossible by vendor.**

Where the purchasers of land kept on deposit sufficient funds to meet a deferred payment, but the vendor willfully prevented a tender thereof when due, by the concealment of her whereabouts, failure to make tender to stop the running of interest was excused, and it was sufficient to set aside the money and keep it ready for tender or payment.

**3. Time ☞15—Deferred payment due in the. "fall" held to mean September 1st.**

Under land contract, where deferred payment drew interest from the date of its maturity, "the fall" of a certain year, it was due the 1st day of the fall season, September 1st.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fall.]

**4. Interest ☞50—Payment due on delivery of deed held to draw no interest, where tender prevented by vendor.**

A payment due on delivery of deed to purchasers bore no interest, where the actual tender of the money kept ready for payment was prevented by the absence and concealment of the vendor.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by W. A. Arrington and another against Lizzie Lee Blackwell and others to specifically perform a contract to convey land and to cancel a deed. From a decree granting relief, but requiring interest on the deferred payments, complainants appeal. Modified, corrected, and affirmed.

On November 16, 1918, the respondent Lizzie Lee Blackwell entered into a contract with complainants to sell them certain lands, receiving therefor $50 in cash and putting complainants in possession, with the understanding that in a short while $250 would be paid and the deeds executed and delivered, and that there would be two deferred payments of $500 each, one in the fall of 1919, and the other in the fall of 1920. The bill charges that respondent absented herself and concealed her whereabouts, so that the $250 payment could not be made, although complainants were ready, willing, and able to make the payments, and that in the meantime the respondent conveyed the land to Addison Hughes. There was no conflict in the evidence as to complainant's right to relief, and the trial court so decreed; but in the decree the complainants were required to pay interest on the deferred payment, and they refused.

Isbell & Scott, of Ft. Payne, for appellants.

The court erred in requiring interest on the deferred payments prior to their maturity. 36 Cyc. 755, d.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. E. Hawkins, of Ft. Payne, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. "Where a purchaser is let into possession under the terms of the ·contract, · which provides for future payments, and which does not expressly provide for interest on the deferred payments, he is not chargeable with interest on such deferred payments until their maturity." 39 ·Cyc. 1572, iv, and authorities cited.

[1] Under the contract of purchase and sale ·shown to have been made between complainants and respondent Lizzie Blackwell, there is nothing to support any implication that interest attached to the deferred payments prior to the dates of their maturity, and under the rule above stated we are con-·strained to hold that the trial court erred in charging complainants with interest from the ·date of the contract.

[2] The evidence shows that complainants borrowed and have kept on deposit in a local bank sufficient money to meet the first deferred payment of $500, which fell due in the fall of 1919, and while ordinarily, in order to stop the running of interest, a tender of the amount due must be made to the ·creditor, after which the amount so tendered must be kept in readiness to be paid to him on demand, yet, in a case like this, where, as the evidence shows, the creditor has ·willfully prevented an actual tender by the concealment of her whereabouts, the failure to make the tender is excused, and it is sufficient to set aside the money and keep 'it ready for tender or payment, as occasion may permit.

[3] We therefore hold that respondent, or her assignee, is not entitled to claim interest ·on the first installment of $500. The second installment, however, bears interest from the date of its maturity, "the fall of 1920," which we construe, contra proferentem, as meaning the first day of the fall season, or September 1, 1920. The amount of this in-·stallment, including principal and interest to ·date, is $563.25.

[4] It appears, also, that complainants kept and still keep ready for payment the sum of $250, which was to be paid on delivery of the deed to them, and the actual tender of which was prevented by the absence and concealment of the vendor. That part of the purchase price, therefore, bears no interest. It appears, then, that complainants must pay $250 plus $500 plus $563.25, or a total of $1,313.25, less the amount paid by them for back taxes, $15.46, leaving a net balance of $1,297.79.

The decree of the trial court ˎwill be modified and corrected, as indicated, and the time for the payment of this amount by com-plainants will be extended to 60 days from this date. As thus modified and corrected,· the decree of the trial court will be affirmed, at the cost of appellees.

Modified, corrected, and affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.