(117 So. 420)

KIRKLAND v. O'KELLY. (6 Div. 959.)

Supreme Court of Alabama. June 7, 1928.

Rehearing Denied June 28, 1928.

Rudulph & Smith, of Birmingham, for appellant.

David J. Davis, of Birmingham, for appellee.

BROWN, J. (after stating the facts as above). ██ The soundness of the decree, in so far as it compels specific performance of the contract, is not seriously questioned. It is too clear to permit of controversy that Kirkland individually, being the sole legatee under the will of the vendor, to whom the legal title passed, was not only a proper but a necessary party to the suit. 25 R. C. L. 326, § 143; Morgan v. Morgan, 2 Wheat. 290, 4 L. Ed. § 242; Hickey v. Dole, 66 N. H. 336, 29 A. 792, 49 Am. St. Rep. 614; Owings' Case, 1 Bland (Md.) 370, 17 Am. Dec. 311.

The burden of appellant's argument goes to the amount of the purchase money ascertained by the decree to be due under the contract, his contention being "that interest on the purchase price should be calculated from the time appellee went into possession, or at least from the time the chancery court's decree was rendered in September, 1920, if not from the date of the contract."

██ "As a general rule, the purchaser is to be charged with interest from the time the purchase money should have been paid, under the terms of the contract. And this is ordinarily true where the purchaser is let into possession and no provision is made in the contract for a delay in its execution, though the failure to complete the contract is due to the fault of the vendor." 27 R. C. L. 537, § 271; Arrington v. Blackwell, 207 Ala. 314, 92 So. 902; Bright v. James et al., 35 R. I. 128, 85 A. 545, Ann. Cas. 1915B, 1099.

██ It is also the law that, in the absence of stipulations to the contrary, every contract for the sale of real estate implies that a good title will be made. Baker v. Howison, 213 Ala. 41, 104 So. 239, 52 A. L. R. 1452.

Under the contract in this case the vendor obligated herself to furnish an abstract showing a good and merchantable title, and stipulated that "the delivery of deed will be made by authorized sale for division of said property through the court, and the purchaser will occupy said premises as a tenant and will pay $35 per month as rent until such time (as) the court grants a deed, said $35 to be applied on the purchase price on delivery of deed."

██ Interpreting the contract in the light of the facts surrounding the parties when it was made, considering the occasion which gave rise to it, the relation of the parties, and the object to be accomplished, it is clear that the deal was to be closed and the cash payment made when the vendor was in position to deliver a deed conveying a good and merchantable title, and until that time the vendee was to occupy the premises as a tenant of the vendor. McGhee et al. v. Alexander et al., 104 Ala. 116, 16 So. 148; Pollard v. Maddox, 28 Ala. 321; Obermark v. Clark, 216 Ala. 564, 114 So. 135.

The evidence shows without material conflict that the vendor during her lifetime was making continuous efforts to perfect her title so as to consummate the contract, but was never able to meet all of the objections to the title pointed out in the opinion of appellee's attorney. After her death, on March 26, 1924, appellant offered to convey in consummation of the contract, and appellee, waiving the objections to the title not met by the vendor in her lifetime, agreed to accept the deed and pay the purchase money without interest. The contract failed of consummation at this time because of appellant's contention that appellee was liable for interest from the date of the contract.

██ Under the principles of law stated, the purchase money was not due until an acceptable title could be made in accordance with the terms of the contract, and, applying the principle that equity considers that done which should have been done, the appellee was chargeable with interest on the unpaid balance of the purchase money from the date appellant offered to convey and appellee agreed to accept the conveyance. Springle's Heirs and Adm'rs v. Shields & Paulling, 17 Ala. 295; Hughes & Tidwell Sup. Co. v. Carr et al., 203 Ala. 469, 83 So. 472.

██ Under the terms of the contract, appellant was entitled to have the taxes and insurance premiums prorated as of this date—March 26, 1924—but the case was submitted for final decree without proof of the amount paid, and we are not of opinion that it was error for the trial court to render a final decree, on the proof submitted, without refer-

ence to the register, to ascertain the amount of taxes and insurance paid.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.