616 So.2d 491 (1993)
Lester KAUFMAN, Irene Kaufman and Blanche Fink, Appellants,
v.
W.G. LASSITER, Jr., Appellee.
No. 91-3541.
District Court of Appeal of Florida, Fourth District.
March 10, 1993.
Rehearing and/or Clarification Denied April 29, 1993.
*492 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., and Wilton L. Strickland of Wilton L. Strickland, P.A., Fort Lauderdale, for appellants.
James E. Weber of James E. Weber, P.A., West Palm Beach, for appellee.
WARNER, Judge.
This appeal is the latest of a series of appeals generated from the attempted exercise of an option to purchase property in a lease. After the courts finished the trilogy of cases, the appellee was entitled to specific performance of the option at the property's fair market value, which the court determined to be $1.6 million, and not the $200,000.00 listed in the option. The appellee rejected this judgment and refused to proceed with the closing. The appellant brought a motion to compel the appellee to complete the exercise of the option. The trial court denied the motion as appellee notified the trial court that he did not intend to exercise the remedy of specific performance. The trial court's order determining that the judgment for specific performance was moot is the subject of this appeal. We reverse.
Appellee/Lassiter, is the lessee of a 50 year lease with appellants/Kaufman of the subject real property which is a Winn Dixie Shopping Center. The lease provided Lassiter with an option to purchase after ten years. The lease reflected that the "purchase price shall be a minimum sum of $200,000.00 payable in cash in the manner set forth in the lease." Lassiter sought to exercise the option to purchase by sending a deposit in compliance with the contract. Kaufman refused to accept it, returned it, and refused to close the sale. Lassiter successfully brought a specific performance action in the trial court to purchase the property.
This court affirmed the grant of specific performance and held that the option paragraph of the lease agreement granted appellee a meaningful, enforceable right. Kaufman v. Lassiter, 520 So.2d 692 (Fla. 4th DCA 1988). However, the court further held that the lease did not fix the price at $200,000; rather, under the option, the parties agreed to buy/sell at fair market value. Accordingly, this court remanded for the trial court to determine the market value of the "leased property" at the time Lassiter sought to exercise his remedies under the lease. Thus, the court affirmed the summary judgment granting specific performance but remanded for a determination of the option price.
On remand, the trial court entered a final judgment finding that $1.6 million was the fair market value of the property. The court's initial judgment expressly stated that it was against Lassiter for the fair market value of the property, that being $1,684,000.00. Lassiter moved for a rehearing arguing that the trial court erred by entering a money judgment against him and in appellants' favor. Lassiter argued that he would determine whether to exercise the option when the exact amount of the purchase price was ultimately determined by the courts. Moreover, because he won the specific performance suit, there was no justification for a money judgment against him. Accordingly, the trial court amended the final judgment deleting the provision for a money judgment in appellant's favor.
This court affirmed the trial court's ruling that $1,684,000.00 was the fair market value of the property and certified a question to the Florida Supreme Court regarding the method of valuation. Lassiter v. Kaufman, 563 So.2d 209 (Fla. 4th DCA 1990), on remand superceding, 15 F.L.W. D419 (Fla. 4th DCA Feb. 14, 1990).
*493 The supreme court analyzed the doctrine of merger and the lease agreement's language that gave appellee the option to purchase "fee title" and agreed with this court that the proper measure of fair market value was the present value of the fee unencumbered by the lease, regardless of which theory is used. Lassiter v. Kaufman, 581 So.2d 147 (Fla. 1991).
Following the supreme court's opinion which affirmed appellants' valuation method, appellants moved the court to enforce specific performance. Alternatively, appellants sought to have appellee declared in default of the lease and ordered to vacate the property. The trial court denied appellant's motion stating "since counsel for the plaintiff has notified this court that the plaintiff does not intend to exercise the remedy of specific performance awarded to him in this cause, said judgment for specific performance is hereby determined to be moot."
On appeal from the denial of the motion for enforcement Appellants make several arguments for reversal. In their second point they claim that appellee should be estopped to assert apparently inconsistent positions. Lassiter's complaint for specific performance and first appeal asserted that he had exercised his option to purchase the property on June 26, 1986, and that he was entitled to purchase the property for either $200,000 or its fair market value and that he stood "ready, willing and able" to perform the purchase option. In support of his motion for summary judgment, Lassiter submitted that the option price was $200,000 or "alternatively, if the court concludes that this was a minimum price and not a binding price upon defendants, then rather than find that the option is not enforceable, hold that the language means a price of fair market value, or $200,000 whichever is higher." (Plaintiff's memorandum in support of Summary Judgment dated April 27, 1987.) On appeal, this court affirmed in part, namely, the granting of specific performance to appellee. That became the law of the case. See e.g. Bunn v. Bunn, 311 So.2d 387 (Fla. 4th DCA 1975). The only matter left for determination was the amount of the option.
While the subsequent trial court proceedings and appellate review did not resolve the remaining issue of value to the liking of appellee, that did not affect the affirmed summary judgment that the option was specifically enforceable. To allow appellee, after six years of litigation, to change his position and determine that he did not intend to exercise his option would allow him to maintain inconsistent positions throughout the lawsuit.
The doctrine of estoppel against inconsistent positions states that "where a party to a suit has assumed an attitude on a former appeal, and has carried the case to an appellate adjudication on a particular theory asserted by the record on that appeal, he is estopped to assume in a pleading filed in a later phase of that same case, or another appeal, any other or inconsistent position toward the same parties and subject matter." Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544, 548 (1933). The party estopped need not prevail by way of a judgment against his adversary, all that is necessary is that he successfully assume a factual position on the record, whether by verdict, factual findings or admissions. Id. Here, Lassiter prevailed on his specific performance claim. Lassiter maintained that he was ready, willing and able to perform at whatever fair market value the court set. He did not condition his original complaint or alter his position through his first appeal that by filing suit for specific performance he was exercising the option under the lease. See Asbury v. Cochran, 243 Ala. 281, 9 So.2d 887 (1942); 71 Am.Jur.2d Specific Performance at 187.[1] Thus, we hold that appellee cannot maintain inconsistent positions in this lawsuit and that he cannot now unilaterally *494 determine that he is not exercising his option.
But what remedy is appropriate in this case? The trial court simply denied the appellants' motion to enforce and declared the specific performance judgment moot. We believe this was error. By the doctrine of estoppel against inconsistent positions, the judgment cannot be moot because it is the exercise of the option. Thus, the appellee is entitled to enforce the rulings of the court to the extent that the court has already granted specific performance and thus the option has been exercised.
We therefore reverse and remand for the court to decree specific performance, setting the time and place for closing. Thereafter, we believe that the contract dictates what occurs should appellee refuse to close the transaction.
LETTS and POLEN, JJ., concur.
NOTES
[1] "The act of filing a suit for specific performance before the expiration of the time limit for the exercise of the option is generally regarded as an exercise of the option and as supplying the element of mutuality; by such act the party who has not so far been bound thereby places himself under all the obligations of the contract." 71 Am.Jur.2d Specific Performance at 187.