SARAH A. CRAIG, APPELLANT, v. H. A. GREENWOOD AND C. C. GOODHART, APPELLEES.

Specific Performance: RENTS AND PROFITS. One B. had sold certain real estate to S., for a specified sum, payable in one, two, and three years, with interest at ten per cent, payable annually, and delivered possession of the property to the purchaser, who conveyed to C., who assumed the debt. Afterwards B. rented the premises to another, and received $156. *Held*, That upon a decree for specific performance being rendered in favor of C. against B., he must account for the amount received by him for rent.

APPEAL from the district court of Gage county. Heard below before BROADY, J.

*A. D. McCandless,* for appellant, cited: 2 Addison Contracts, 416 (8th Ed.).

*Winter & Kaufmann,* for appellees, cited: Addison Contracts, Sec. 530 (Morgan's Ed.). *Loyd v. Collett,* 4 Bro. C. C., 469. *Colby v. Gadsen,* 34 Beav., 416. Bispham's Eq., Sec. 376.

MAXWELL, J.

This is an action to enforce specific performance of a contract for the sale of certain real estate, consisting of a house and lot in the city of Wymore. On the 20th day of January, 1885, the defendant, Greenwood, sold said property to one Soper, for the sum of $333.50, payments to be made as follows: $110.50, January 1, 1886, $110, January 1, 1887, and $110.50, January 1, 1888, with interest payable annually at 10 per cent. In May, 1885, the plaintiff purchased said property from Soper, and assumed the amount due Greenwood and took possession of the property and made some improvements thereon. In July, 1886, while the house was undergoing repairs and was temporarily unoccupied, the defendant, Goodhart, under a contract with Greenwood, moved into the house and took possession, he at the time having full knowledge of the plaintiff's rights. Under this contract Goodhart paid to Greenwood the sum of $156, which he retains.

The court below decreed specific performance in favor of the plaintiff, but failed to deduct the amount of $156 so received by Greenwood. The plaintiff appeals.

As the defendant has not appealed, he is presumed to be satisfied with the decree, and so far as it relates to specific performance it will not be reviewed.

The only question, therefore, before the court is the right of the plaintiff to a credit of $156, the amount received by Greenwood from Goodhart for the rent of the premises. That the plaintiff is entitled to this credit there is no doubt. Greenwood had sold the premises for a specific sum, with interest at 10 per cent. This he was entitled to, and no more. Having sold the premises to another, and given possession, he could not, while the first contract was subsisting, rent the premises to another without accounting for the rent. In other words, under the terms of the contract he was not entitled to interest on the amount due, and also to the rent of the property. It follows that the plaintiff is entitled to credit on the amount of the purchase money stated in the decree in the sum of $156, and the decree will be modified to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.