HORACE A. KELLEY V. MARIA J. WEHN ET AL.

FILED JANUARY 8, 1902. No. 10,689.

1. **Taxes on Real Estate: PERSONAL OBLIGATION.** A real estate tax is not the personal obligation of the landowner. The real estate alone is liable for its payment.

2. **Tax Foreclosure: DEFICIENCY JUDGMENT.** A deficiency judgment entered against the landowner in a suit to foreclose a tax lien, is void.

3. **Prayer for General Relief.** A prayer for general relief is sufficient to authorize any judgment to which the party is entitled under the pleadings and evidence.

4. **Reversal: WRONG REASON FOR DECISION.** A judgment will not be reversed, merely because the court gave a wrong reason for the rendition thereof.

5. **Error Not Prejudicial.** Error which is not prejudicial to the party complaining, will not work a reversal of a cause.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*A. D. McCandless* and *Alex Q. Smith,* for plaintiff in error.

*H. J. Dobbs, contra.*

NORVAL, C. J.

Horace A. Kelley brought suit in the court below to foreclose a tax lien. Personal service was had upon the defendants, but they made default. On August 16, 1895, a decree of foreclosure was entered. An order of sale was subsequently issued, the property was sold, sale confirmed, and a deficiency judgment was rendered against the defendant Maria J. Wehn for $62.59. On February 16, 1898, she filed a motion to set aside and vacate the deficiency judgment, which was sustained on the ground that the prayer of the petition was insufficient to authorize a deficiency judgment.

There is no room for doubt that a tax upon real estate is not a personal obligation against the owner of the property. The tax is a charge against the property alone. Personal property is not liable for the payment of taxes imposed upon real estate. This is well settled. *State v. Cain,* 18 Nebr., 631; *D'Gette v. Sheldon,* 27 Nebr., 829; *Grant v. Bartholomew,* 57 Nebr., 673. It follows, therefore, that the district court was without jurisdiction to render a deficiency judgment for real estate taxes. We are persuaded that the trial court was in error in holding that the prayer was insufficient to authorize a judgment for a deficiency. The prayer, in addition to asking for a foreclosure of the tax lien, concluded, "that plaintiff have such other, further, greater or different relief as may be just and equitable." This was a prayer for general relief, and justified the entry of a judgment for any relief to which plaintiff was entitled under the pleadings and evidence. *Grand*

*Island Savings & Loan Ass'n v. Moore,* 40 Nebr., 686. The petition, however, did not state a cause of action for a deficiency judgment, for the obvious reason, as we have already seen, that a personal judgment against a land owner for real estate taxes can not lawfully be rendered. Therefore, though the prayer was for general relief, the judgment for deficiency was unauthorized.

It is firmly established that a cause will not be reversed because the court gave a wrong reason for its judgment. If the judgment was right, that is enough, whatever may have been the ground given for its rendition. *Yates v. Kinney,* 19 Nebr., 275; *Leake v. Gallogly,* 34 Nebr., 857; *Denslow v. Dodendorf,* 47 Nebr., 328.

It is urged that the court below had no jurisdiction to set aside the deficiency judgment after the term at which it was entered. Conceding this to be true, without deciding the point, the order complained of should not for that reason be reversed. The deficiency judgment was illegal and void, and the vacation thereof was, at most, an error without prejudice to plaintiff. The decision must therefore be

AFFIRMED.