## McINTOSH *v.* HOPKINS.

1. VENDOR AND PURCHASER—CONTRACT TO SELL—OPTION—SPECIFIC PERFORMANCE.

   Written instrument to sell land signed by both parties and obligating them to complete deal during year was properly held by court below to be contract of sale which could be specifically enforced rather than mere option.

2. SPECIFIC PERFORMANCE—TENDER.

   Vendors' refusal to perform rendered tender by vendee futile, and remitted him to bill for specific performance with tender in court.

3. SAME—SUFFICIENCY OF DESCRIPTION.

   Description of property, although inartistic, which enabled locating of premises with certainty, was sufficient.

4. SAME—INADEQUATE PRICE.

Refusal to perform by one of vendors signing contract for sale of land because she thought selling price was too low affords no reason for refusing specific performance, where agreed price was not grossly inadequate.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted June 2, 1931. (Docket No. 3, Calendar No. 35,565.) Decided October 5, 1931.

Bill by R. Verne McIntosh against James C. Hopkins and another for specific performance of an agreement to convey lands. Decree for plaintiff. Defendants appeal. Affirmed.

*J. W. Patchin,* for plaintiff.

*Fred H. Pratt* and *Henry Miltner,* for defendants.

WIEST, J. This is a bill for specific performance.

Plaintiff claims that the following writing constituted a valid contract of sale, while defendants contend that it was but an option and not accepted within the time fixed therein. The circuit judge found it a contract of sale and decreed specific performance. One copy of the writing, prepared by plaintiff, signed by the parties, and retained by defendants, was as follows:

"August 26, 1929.

"This agreement is between Mr. and Mrs. James C. Hopkins, party of the first part, and R. V. McIntosh, party of the second part. For the sum of six thousand dollars party of the first part agrees to sell to the party of the second part the S. E. 20 of his Peninsula farm, and enough to come to the middle of the next tree row west of the line running north from party of the second part's present east line.

"Payments are to be $5000 cash and $1000 7 per cent. personal note which will be renewed if necessary up to five years: 1929 taxes are to be paid by party of the first part and abstract furnished. We acknowledge $25 payment to seal the bargain, the same to become a part of the cash payment, deal to be completed during 1929.

"(Signed) R. V. McIntosh,
"James C. Hopkins,
"Grace M. Hopkins."

The copy held by plaintiff was signed by defendants but not by plaintiff. There is some variance, but for all practical purposes the writings are alike.

Plaintiff in due season offered performance, but made no valid tender, for he was met by defendants' refusal to convey. Tender in sufficient form was made at the hearing, deposited with the clerk of the court, and refused by defendants.

It is claimed that the document amounts simply to an offer to sell with the right of the buyer to elect to pay within a certain time, and must be construed as an option. We think the copy held by defendants, together with the money then paid, not only sealed the bargain but obligated plaintiff as well as defendants to complete the deal during the year 1929.

Defendants' refusal to perform rendered a tender futile and remitted plaintiff to a bill for specific performance with tender in court. The law does not exact an idle formality. *Miller* v. *Smith,* 140 Mich. 524; *Bugajski* v. *Siwka,* 200 Mich. 415, 420.

The description of the premises was inartistic but sufficient to enable any farmer to locate the premises with certainty. Rows of cherry trees were upon the land, and, to enable plaintiff to get to the "S. E. 20" from his own land, it was agreed to add

20 feet thereto, or, as stated in the contract, "to the middle of the next tree row west of the line running north." The decree put the description in form and was no departure from the contract. The note mentioned in the contract, tendered at the hearing and deposited in court, was executed by plaintiff at the time of the hearing.

The decree provided:

"That the said plaintiff may renew said promissory note from time to time, not to exceed five years from its original date as provided in said contract."

Defendants' refusal to perform rendered this provision necessary in the decree.

It is quite evident that Mr. Hopkins would have performed the contract had Mrs. Hopkins been of like mind. Mrs. Hopkins signed the contract and later thought the price for the land too low. This affords no reason for refusing specific performance, as the agreed price was not grossly inadequate.

The decree in the circuit court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.