JEROME LEVY et al., as Executors of JULIUS LEVY, Deceased, Plaintiffs, *v.* CONGREGATION BETH SHOLOM, INC., Defendant, and VILLAGE OF LAWRENCE, Impleaded Defendant.

Supreme Court, Nassau County, June 3, 1943.

*Conklin & Bentley* for impleaded defendant.

*Macpeak, Flatow & Abrams* for defendant.

*A. Loeb Salkin* for plaintiffs.

HOOLEY, J. Motion by Village of Lawrence to vacate the order bringing it in as an impleaded defendant. The order was granted *ex parte* upon the motion of the defendant Congregation and upon the consent of the plaintiffs.

The action was commenced by the plaintiffs against the Congregation Beth Sholom, Inc., for specific performance of contracts for the purchase and sale of real estate or, in the alternative, for damages. In its answer, the defendant Congregation alleged that under the terms of the contracts of November 17, 1942, and February 1, 1943, it was agreed that the premises should be conveyed subject to: " 2. Covenants and restrictions of record, if any, and the building restrictions and regulations in any Zoning Law heretofore adopted in respect of said premises by the municipality having jurisdiction thereof, except that the seller represents that the use of said premises for religious purposes and religious school purposes is not contrary to any existing restrictive covenants affecting said premises, and that such use is not prohibited by the Zoning Laws adopted by the municipality having jurisdiction and now in full force and effect."

The answer then alleged that under the provisions of the building zone ordinance of the Village, the use of the said premises for religious purposes and religious school purposes was and is prohibited and that by reason thereof the plaintiffs were not able to perform the contracts of purchase and sale in accordance with the terms.

In the cross complaint of the defendant Congregation against the Village, it is alleged that the defendant Congregation was

and is an incorporated Jewish synagogue; that it contracted to purchase the premises in order to use them for religious purposes and religious school purposes, and further alleged that after inquiry of the authorities of the Village by the Congregation, the Village had informed the Congregation that the zoning ordinance prohibited the use of this property for a school of the character described. The cross complaint further alleged that the title was rejected by the Congregation because of the position taken by the Village, and in the prayer for relief the defendant Congregation prayed for a declaratory judgment asking, among other things, that the legal relations and duties of the parties hereto under the zoning ordinance and the contracts be determined.

It appears that the Congregation is willing to take the title provided it may use the land for the purposes specified.

The Village, in support of this motion, argues that the order impleading it was not authorized by any provision of law and that upon the face of the pleadings the issues as between the plaintiffs and defendant Congregation are academic and present no justiciable controversy.

The relief which is sought against the impleaded defendant is by way of declaratory judgment. The whole theory of the introduction of the declaratory judgment into our judicial system was to enlighten parties as to their legal rights before they subjected themselves to damages and loss so that they might guide themselves accordingly. The legal fiction that everyone is presumed to know the law has caused damage and distress throughout the years but the introduction of the declaratory judgment has provided in many instances a safe procedure for parties who desire to act in a legal manner if that manner is made definite and certain.

In *Dun & Bradstreet, Inc.*, v. *City of New York* (276 N. Y. 198, 206), the court said: "That remedy [declaratory judgment] is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented."

Here, a pure legal question is involved — the construction of a building zone ordinance. No question of fact is presented.

There is no doubt that the Congregation, as the equitable owner of the property, could have instituted an action against the Village for a declaratory judgment as to its right to maintain a religious school on the property in question. In *Dowsey* v. *Village of Kensington* (257 N. Y. 221) an action to obtain a

declaratory judgment that the zoning ordinance was ineffective and void as respects a proposed use of plaintiff's premises was successfully maintained.

The Village argues strenuously that the Congregation should proceed before the Board of Appeals of the Village. A very interesting question is here presented by the language of the ordinance under consideration. Public schools are permitted thereby in any residence district in the Village. The attorney for the Village in his moving papers indicates that the proposed religious school is a private school and may not under the ordinance be permitted in the higher districts, viz., Residence A District, Residence BB District and Residence B District. The property in question is located in Residence B District. From time immemorial, religious schools of all religions have occupied an important and praiseworthy position in our educational system. They are universally maintained upon a high standard. Whether a village board in the enactment of a zoning ordinance may relegate them to the more undesirable sections of a community is a broad question which should be decided by the courts. The owner of the property in such a case should not be required to ask as a special privilege for a variation of the restriction by the Board of Appeals. The restriction on religious schools would seem to constitute an invasion of property rights which would be a matter for a declaratory judgment by the courts rather than a matter for a variation by the Board of Appeals. The restriction itself is under attack here. Under the decision in *Dowsey* v. *Village of Kensington* (*supra*) an action for a declaratory judgment is unquestionably the proper procedure.

In Carmody's New York Pleading and Practice, Volume 5, at page 4362, it is stated as follows: " ' Where there is no present cause of action in the ordinary sense but the accrual of such a cause of action will subject plaintiff to the risk of penalties, the court will declare the rights of the parties. In such a case, the plaintiff is not required to incur the risk of the penalties, but may obtain a declaration to inform himself of his rights in anticipation of penal liability.' " (Quoting from Sunderland, " A Modern Evolution In Remedial Rights,— The Declaratory Judgment ", 16 Mich. Law Rev. 69, 85.)

In *Strobe* v. *Netherland Co.* (245 App. Div. 573, 575), the court said: " The remedy furnished by the declaratory judgment was devised to do away with the menace which comes from a mere dispute or challenge to one's rights without any physical attack."

Here, the defendant Congregation may be subjected to risks and penalties if the whole controversy is not determined in one action. It is not required to take title unless it may build its school. If the Village is not a party there may be an adjudication between the original parties that the building zone ordinance does not restrict the use of the premises for a school and the Congregation may be compelled to take title. Thereafter the Village may assert that such a ruling is not binding upon it since it was not a party to the litigation. If the Congregation could have successfully maintained an action against the Village for a declaratory judgment as to the construction of the building zone ordinance, there is no good reason why in a case such as this it may not proceed by cross complaint against the impleaded defendant. Section 473 of the Civil Practice Act, rule 210 of the Rules of Civil Practice, and sections 192 and 193 of the Civil Practice Act afford authority for the procedure here adopted.

It is the language and intention of section 193 of the Civil Practice Act that " where a complete determination of the controversy cannot be had without the presence of other parties ", the court should bring in such parties. This is exactly that kind of case. After the litigation between the plaintiffs and the original defendant is completed, without the presence of the impleaded defendant, there will not have been a complete determination of the controversy. Section 192 of the Civil Practice Act also indicates the broad and liberal policy intended by the Legislature which granted to the courts power to add parties at any stage of the proceedings in the interest of substantial justice.

This is an action in equity and the relief sought by cross complaint is of an equitable nature. Every equitable consideration argues for the determination of this entire controversy in this one action. Some day the Village of Lawrence would probably be called upon to meet the issue. Its objection to meeting it at this time is not understandable. Surely, the novelty of the procedure is no legal objection. It is always refreshing to observe efficiency in legal procedure supplanting cumbersome methods with unnecessary losses to litigants.

Motion in all respects denied.