A. David Benjamin, J.
Defendants move to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice on the ground that an action for declaratory judgment does not lie herein.
In substance, the complaint alleges that the defendant Arthur J. Ortner (hereinafter referred to as Ortner) and companies with which he was affiliated were indebted to plaintiffs to the extent of approximately $58,000; that in consideration of plaintiffs’ agreement not to commence an action against the companies and Ortner, the latter and others entered with the plaintiffs into an agreement dated August 14, 1957, which is made part of the complaint; that pursuant to the said agreement Ortner executed and delivered to plaintiffs a promissory note in the amount of the indebtedness, payable in installments of $1,000 per month commencing February 13, 1958 and deposited as collateral security with defendant Booth, as escrowee, shares of stock which Ortner represented to be 50% of the outstanding and issued stock of defendant Surrey Sleep Products (hereinafter referred to as Surrey). It is further alleged that under the terms of the agreement, if Ortner desired to sell the said stock, Ortner and Booth would give notice to plaintiffs in writing and would pay to plaintiffs upon the sale on account one half of the balance of the indebtedness then due and upon receipt of said money by plaintiffs Booth would be authorized to deliver the amount of the stock sold to the purchaser; that Ortner also agreed not to vote his stock for a disposition of the assets of Surrey other than in the regular course of business and upon receipt of any dividends he would pay the same over to plaintiff as additional payments in reduction of the debt; and in the event of a default in payment under the terms of the agreement the defendant Booth would, upon demand, deliver the stock to one Milton Kail.
*1006 The complaint further recites that on November 8, 1957 all of the defendants, except defendant Booth, entered into an agreement annexed to the complaint whereby the said Ortner, defendant Rose Ortner and defendant Aaron Ortner, representing that they were the owners of 50% of the shares of stock of defendant Surrey, sold the stock of Surrey for the sum of $45,000, payable in installments over a period of time and resigned as officers and directors of Surrey; that the $45,000 was evidenced by a series of promissory notes, payable $100 per week commencing January 10, 1958, and to continue until $5,000 has been paid, and thereafter at the rate of $200 per week; that Surrey paid at the execution of the agreement to the law firm of Booth, Lipton and Booth, of which defendant Booth was a partner, $5,000 for legal services in connection with the agreement and paid to Ortner $10,000 ov/ed by Surrey to Ortner, and $40,000 in cash and notes so that Ortner would not compete with Surrey; and it was agreed among them that until the moneys were paid to Ortner by Surrey the stocks indorsed in blank would be held by Booth in escrow and as long as there was no default in payments, defendants Sol Kitain and Esther Kitain, other stockholders of Surrey, would have the right to exercise all of the incidents of ownership of the stock deposited with Booth.
It is further alleged that Ortner and Booth failed to give plaintiffs notice of Ortner’s intention to sell the stock and failed to pay plaintiffs one half of the outstanding' indebtedness; that all of the defendants had knowledge of the agreement between plaintiffs and defendants Ortner and Booth; that all of the acts in pursuance of the November 8, 1957 agreement constituted a disposal of the assets of defendant Surrey other than in the regular course of business; that defendant Ortner, in a stockholders’ meeting, voted his said stock authorizing defendant Surrey to use and apply its assets for the purposes set forth in the November agreement; that the payments made by Surrey to defendant Ortner constituted the payment of dividends under the terms of the August 14 agreement; that the same was converted by Ortner; that the Ortners converted the moneys paid to them for the stock; that defendant Booth refused to turn over the stock held by him in escrow to Milton Kail; that the acts of the defendants constituted a diminution of the value of the stock deposited as security for the payment of the indebtedness due plaintiffs.
It is then alleged that a dispute has arisen between the parties respecting the following: (1) The rights of plaintiffs to have the stock of Surrey now on deposit with defendant Booth delivered to Milton Kail pursuant to the terms of the August 14 agreement; *1007 (2) the rights of plaintiffs to the moneys paid by defendant Surrey to the defendants Ortner; (3) the rights of plaintiffs with respect to the promissory notes delivered by defendant Surrey and the proceeds to be paid thereunder pursuant to the November 8 agreement.
As relief, the plaintiffs seek a declaratory judgment as follows: (1) That the acts of Ortner and defendant Booth constituted a breach of the August 14 agreement; (2) that if the acts constituted a breach, that said defendants account to plaintiffs for the moneys received by them and that defendant Booth deliver to Milton Kail the certificates of stock deposited with defendant Booth; (3) that the agreement of November 8 constituted a sale by Ortner of the Surrey stock; (4) that the acts of Ortner constituted a consent on his part for the disposition of the assets of Surrey other than in the regular course of business; (5) that the payments made by Surrey under the agreement of November 8 constituted dividends on the stock; (6) that'plaintiffs are entitled to judgment against all of defendants Ortner.
Section 473 of the Civil Practice Act invests power in the Supreme Court in any action, upon request, to declare rights and other legal relations of the parties. No limitation is placed on this power (James v. Alderton Dock Yards, 256 N. Y. 298, 305). The court, however, in its discretion may refuse to assume jurisdiction of such an action where other remedies are adequate. (Rules Civ. Prac., rule 212; Woollard v. Schaffer Stores Co., 272 N. Y. 304.)
Since the general purpose of a declaratory judgment is to stabilize disputed legal relations as to present or prospective obligations (James v. Alderton Dock Yards, supra; Wardrop Co. v. Fairfield Gardens, 237 App. Div. 605; Shapiro v. Nulife Garments Co., 270 App. Div. 121) and to quiet controversies ‘ ‘ before they [lead] to the repudiation of obligations, the invasion of rights and the commissions of wrongs ” (Post v. Metropolitan Cas. Ins. Co., 227 App. Div. 156, 159, affd. 254 N. Y. 541; see, also, 151-163 West 26th St. v. Mary Brosnan, Inc., 183 Misc. 804; Levy v. Congregation Beth Sholom, 181 Misc. 877) it would appear that a coercive judgment which is primarily intended to remedy or make compensation for injuries already suffered would be more appropriate in this action.
Our courts have consistently ruled that where all rights in plaintiffs ’ favor against the defendants have accrued and may be redressed in an action or actions at law, plaintiffs should not be permitted to seek relief through an action for declaratory judgment (Casanave v. Robbins, 262 App. Div. 873; Frishon Realty Corp. v. Stern, 261 App. Div. 990; Glemby v. Kohn, 83 N. Y. S. *1008 2d 787; Jos. H. Carter, Inc. v. Carter, 205 Misc. 192, affd. 283 App. Div. 858; Newburger v. Lubell, 257 N. Y. 383) unless the declaratory judgment will serve a useful and practical purpose (Bradford v. County of Suffolk, 257 App. Div. 777). In this action a declaratory judgment will not aid the plaintiffs any more than the other actions available to them, nor will it serve any useful or practical purpose.
Accordingly, the plaintiffs are relegated to the other action or actions available to them and the motion is granted, with leave to plaintiffs to serve within 20 days after the service of the order entered herein, an amended complaint in any other action or actions that plaintiffs may be advised.
Settle order on notice.