STANDARD RELIANCE INSURANCE COMPANY, A CORPORATION, APPELLANT, V. RUTH SCHOENTHAL ET AL., APPELLEES.

106 N. W. 2d 704

Filed December 16, 1960.  No. 34834.

*Mason, Knudsen, Dickeson & Berkheimer,* for appellant.

*Field & Ricketts* and *Cecil F. Parker,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit in equity to obtain the specific performance of an option contained in a contract and deed for the repurchase of real estate conveyed by the appellant, Standard Reliance Insurance Company referred to hereafter as the plaintiff, to C. E. Prevey and Medora A. Prevey, husband and wife, as joint tenants, both of whom were deceased at the commencement of this suit. The defendants are the personal representatives, heirs, devisees, and all other persons interested in the estates of the deceased grantees and optionors. The trial court held that the option had not been exercised in accord-

ance with its terms and dismissed plaintiff's petition. The plaintiff has appealed.

The evidence shows that on May 12, 1947, plaintiff entered into a contract with C. E. Prevey and Medora A. Prevey to sell and convey to them certain real estate described in plaintiff's petition. As a part of that contract it was also agreed as follows: "Vendees hereby grant to vendor the right and option within ninety days of the death of both of said vendees to purchase the property herein described for the sum of $9500.00 plus not to exceed $1,000.00 for major repairs, if any, made by vendees during the term of their possession of said property."

The record also shows that plaintiff, on April 30, 1948, executed and delivered a warranty deed to the Preveys in accordance with the provisions of the contract of sale. It is not questioned that the Preveys paid the purchase price agreed upon. The evidence also shows that the Preveys made improvements on the property in excess of $1,000 in value, that the option price was $10,500 thereafter, and that the plaintiff agreed in writing that this was the fact. The warranty deed executed and delivered to the Preveys on April 30, 1948, contained the following provision with reference to the option contained in the contract of sale: "This deed is subject to certain options to repurchase in favor of the grantor, extending for the period of 90 days from and after the death of the survivor of the within named grantees, the said option being conditioned upon the payment of the sum of $10,500. to the grantees, their heirs, personal representatives or assigns."

The evidence shows that C. E. Prevey died on February 13, 1957, leaving surviving his widow, Medora A. Prevey, a number of nieces and nephews, and other more distant relatives. He left a will which devised all of his property to his widow, which was not probated. The defendants Ruth Schoenthal and Joseph V. M. Dennison were contingent devisees of the real estate here

involved under this will. A determination of the inheritance tax due from the estate of C. E. Prevey was made by the county court on April 30, 1957. Plaintiff filed a petition in the county court on June 2, 1959, for the appointment of a special administrator. The defendant Ruth Schoenthal was appointed special administratrix on that date and letters testamentary were issued on June 4, 1959.

Medora A. Prevey died testate on March 17, 1959, and her will was admitted to probate on May 18, 1959. Letters testamentary were issued to Ruth Schoenthal as executrix on May 23, 1959. The time for appeal from the admission of the will of Medora A. Prevey to probate did not expire until after the 90-day period in which the option was required to be exercised. As the surviving joint tenant, Medora A. Prevey was, at the time of her death, the sole owner of the real estate subject to the option. By her will she devised this property to the defendants Ruth Schoenthal and Joseph V. M. Dennison. She also left surviving nieces and nephews who are named as parties defendant in the present suit.

It is evident that the 90 days in which the option was required to be exercised terminated on June 15, 1959. On March 24, 1959, the president of the plaintiff advised Ruth Schoenthal of plaintiff's intention to exercise the option, which letter admittedly was ineffective as an exercise of the option. On June 4, 1959, the president and vice president of the plaintiff, accompanied by one of its attorneys, met with the defendants Ruth Schoenthal and Joseph V. M. Dennison, and their attorney at the latter's office, and tendered the sum of $10,500 in cash as an exercise of the option, which was refused. It is evident from the record that the option was in all respects valid at the time of the death of Medora A. Prevey, the surviving joint tenant. The real issue is whether or not the plaintiff properly exercised its option in accordance with its terms.

The tender of the $10,500 to Ruth Schoenthal and

Joseph V. M. Dennison was properly made if the latter persons were the lawful devisees of the real estate to which the option related. It is the contention of the plaintiff that this question could not be determined with certainty because of the lack of finality in the probate of the estate of Medora A. Prevey. For this reason the tender of the $10,500 on June 4, 1959, was made in writing to Ruth Schoenthal and Joseph V. M. Dennison in the alternative in four different capacities. This was understood by all the parties present. The tender was declined in writing without any reason given therefor. In an affidavit filed in response to a request for an admission Ruth Schoenthal stated that the tender was refused because affiant and Joseph V. M. Dennison would not assume the responsibility and resultant liability in determining the beneficiaries of the tendered sum. In other words, the refusal of the tender was based on the same uncertainties which beset the plaintiff in attempting to exercise its option. The form of the tender was to the effect that plaintiff tendered $10,500 in exchange for the delivery of a good and sufficient deed to the property covered by the option. It will be observed that the tender contained no demands in excess of those required by the option.

On June 4, 1959, the day of the aforesaid tender, plaintiff commenced this suit in the district court for Lancaster County and paid to the clerk of that court the sum of $10,500 to abide the judgment of the court. The uncertainty of the plaintiff as to whom a tender should be made, and the unwillingness of Ruth Schoenthal and Joseph V. M. Dennison to accept the tender because of the uncertainty as to who was entitled to it, is also complicated by the fact that this court has never determined whether the purchase money goes to the heirs or the administrator where an option to purchase is exercised after the death of the one giving the option. An authoritative text sums up the existing situation with respect to this problem as follows: "It

is well settled that an option to purchase land, unless otherwise limited by its terms or by necessary implication therefrom, may be enforced against the heirs, devisees, and representatives of a deceased optionor. Although in case of a general offer to sell the death of the vendor ipso facto withdraws the offer, his death before the expiration of the time for exercising the option does not in any way affect the right of the other party thereafter to make his election and do the things necessary on his part to entitle him to a conveyance. According to the rule in some jurisdictions, the exercise of an option after the optionor's death relates back to the date of the contract giving the option, working an equitable conversion of the vendor's interest in the land into personalty, so that the right to the purchase money passes to the vendor's personal representative and not to his heirs. Other cases, however, take the view that the equitable conversion does not take effect until the option is exercised, and if this is not done until after the vendor's death, the land together with the right to the proceeds passes to the heirs." 55 Am. Jur., Vendor and Purchaser, § 35, p. 504. See, also, 19 Am. Jur., Equitable Conversion, § 16, p. 16. It is not necessary that we determine this question in this litigation. We cite it only to show that uncertainty existed, not only as to whether the heirs or the personal representative were entitled to the fund, but also as to the identity of the persons within the two groups as well. The situation is further complicated by the fact that the $10,500 might possibly be subject to the debts, if any, of Medora A. Prevey and to state and federal inheritance and estate taxes. We think the uncertain situation confronting the plaintiff afforded adequate reason for it to seek the aid of a court of equity as it did. The filing of such a suit for specific performance before expiration of the time limit for exercising the option, accompanied by a tender of the purchase money into court, constitutes an exercise of the option and gives the optionee a right to

specific performance of the option agreement. Asbury v. Cochran, 243 Ala. 281, 9 So. 2d 887; McIntosh v. Hopkins, 255 Mich. 493, 238 N. W. 198; Malone v. Kirkley, 118 Ind. App. 611, 82 N. E. 2d 530. In Asbury v. Cochran, *supra*, the court said: "But while an election to accept and exercise the option is necessary so as to bind the holder of it, and so as to make it mutually binding, the act of filing a bill declaring such acceptance and election is sufficient, since he thereby places himself under all the obligations of the contract." See, also, Smith v. Loewenstein, 50 Ohio St. 346, 34 N. E. 159; Levy v. Congregation Beth Sholom, 181 Misc. 877, 42 N. Y. S. 2d 891.

The petition of the plaintiff alleged the facts as heretofore recited, asserted that the plaintiff hereby does exercise the option to repurchase the real estate and is ready, willing, and able to pay the sum of $10,500 to the person or persons entitled thereto, and alleged that said amount was paid into court at the time of the filing of the petition. The plaintiff further alleged that an adjudication of the rights of the parties is necessary, with which adjudication it is willing to comply. This is clearly a proper exercise of the option in accordance with its terms. The unqualified exercise of the option in accordance with its terms to be determined by the court is a valid exercise of the option since the optionee thereby places himself under all the obligations of the option agreement.

The defendants assert that plaintiff's exercise of the option contained a demand in excess of the requirements of the option agreement and that the attempted exercise of the option was therefore insufficient and of no effect. This is based on the fact that in the prayer of the petition plaintiff prayed that a decree be entered enforcing specific performance of the option contract and directing the defendants, or some of them, to execute and deliver to plaintiff a good and sufficient warranty deed conveying title to the property in ques-

tion. This court has held that a demand for a warranty deed contrary to the terms of the option agreement is not an acceptance, but is a counter-proposition. Master Laboratories, Inc. v. Chesnut, 154 Neb. 749, 49 N. W. 2d 693; Anderson v. Stewart, 149 Neb. 660, 32 N. W. 2d 140, 3 A. L. R. 2d 250. It is fundamental in this state that the prayer of a petition is not a part of the allegations of fact constituting the cause of action, and where the facts state a cause of action and are established by the evidence the court will grant the proper relief, although it may not conform to the relief prayed for. Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d. 717; Central Nebraska Public Power & Irr. Dist. v. Walston, 140 Neb. 190, 299 N. W. 609; Rhoads v. Columbia Fire Underwriters Agency, 128 Neb. 710, 260 N. W. 174. This court has held that a petition containing a prayer for general relief, in addition to a prayer for specific relief as in the case before us, entitles the litigant to all the relief the proof shows that he is entitled to receive. Johnson v. Radio Station WOW, on rehearing, 144 Neb. 432, 14 N. W. 2d 666. In School Dist. No. 70 v. Wood, 144 Neb. 241, 13 N. W. 2d 153, we said: "A prayer for general relief in an equity action is as broad as the pleadings and the equitable powers of the court." The prayer for general relief is sufficient to authorize any judgment to which the party is entitled under the pleadings and evidence. Kelley v. Wehn, 63 Neb. 410, 88 N. W. 682. The prayer is no part of the pleading, tenders no issue, and neither adds to nor takes from the evidence required of either party. Jordan v. Jackson, 76 Neb. 15, 106 N. W. 999.

Under the foregoing authorities the prayer of the petition is no part of the stated cause of action. The fact that the pleader in an equity suit may have prayed for less or more than that to which he is entitled, when the prayer asks for general equitable relief, in no manner affects the stated cause of action. The controlling facts are those alleged in the petition as a cause of

action. The prayer is merely a request based on the alleged facts which the court in the consideration of the allegations and proof may or may not grant. It is a request directed to the court based on the facts alleged, not a demand upon the defendants in the sense that it could defeat the cause of action. We necessarily hold that the pleaded facts and not the prayer determine whether or not the plaintiff in the instant case properly exercised the option to repurchase the real estate in question.

The plaintiff made no demand for a warranty deed in the cause of action set out in the body of its petition. The petition therefore constituted an unqualified acceptance and exercise of the option agreement.

There is evidence in the case that, after the option agreement was entered into and prior to the time that the option was required to be exercised, the city of Lincoln levied special assessments for a public improvement against the real estate subject to the option, payable over a period of 10 years. It is shown that the installments due prior to the exercise of the option were paid and those falling due thereafter remained unpaid. It is the contention of the defendants that plaintiff's exercise of the option was insufficient in that it did not offer to pay nor assume the payment of these installments which were a lien on the property. There is no merit to this contention. The allegations of the petition that plaintiff hereby exercises the option and agrees to pay any amount found due the defendants under the terms of the option as determined by the court constitutes a complete exercise of the option and an unconditional tender of performance.

Defendants also contend that plaintiff is guilty of laches sufficient to bar a recovery in that it failed to bring the action for a period of 10 years after the option agreement was entered into. This contention is likewise without merit. It seems plain to us that plaintiff could not exercise its option by appealing to the equit-

able jurisdiction of a court of chancery until after the death of the surviving joint tenant. Plaintiff could have no standing in court on the issues presented in such a suit prior to that time. The rule is: Where by a bill in equity an optionee exercises his option to purchase and prays for the specific performance of the option agreement, the doctrine of laches is not available as a defense where the suit is brought within the time fixed by the option agreement for its exercise and no delay chargeable to the optionee resulting in prejudice to the rights of optionor has occurred since the right to exercise the option arose.

For the reasons stated the trial court was in error in dismissing plaintiff's petition. The judgment of the district court is reversed and the cause remanded with directions to determine the rights of the parties under the option agreement in accordance with our holding herein, to determine the amount owing by the plaintiff thereunder, and to direct the full amount thereof to be paid into court; that when so paid the decree of the court operate as a transfer of the real estate described in the option agreement to the plaintiff; and that the court thereafter determine the parties entitled to the fund paid into court and order distribution thereof in accordance with such determination. The costs of the appeal are taxed to the defendants Ruth Schoenthal and Joseph V. M. Dennison.

REVERSED AND REMANDED WITH DIRECTIONS.