RALPH SULLIVAN, APPELLANT, V.
GENERAL UNITED LIFE INSURANCE COMPANY, APPELLEE,
SAPP BROS. LEASING, INC., INSURANCE DIVISION,
NOW KNOWN AS LEE SAPP INSURANCE, INC.,
INTERVENOR-APPELLEE.

312 N.W.2d 277

Filed November 6, 1981.   No. 43636.

Michael W. Heavey of Dwyer, O'Leary & Martin, P.C., for appellant.

Jim L. Kuhn of Liakos & Kuhn for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and GITNICK, District Judge, and COLWELL, Retired District Judge.

COLWELL, Retired District Judge.

This is an equity suit on an oral contract assigning insurance commissions. Plaintiff, Ralph Sullivan, sues defendant, General United Life Insurance Company, for a declaratory judgment and judgment for commissions. General answers and pays commissions into court. Intervenor, Sapp Bros. Leasing Inc., Insurance Division, now known as Lee Sapp Insurance, Inc., alleges an oral contract and written assignment of commissions between it and plaintiff for all commissions earned from General, and prays to determine valid assignment or in the alternative for judgment for commissions, for declaratory judgment, and for equitable relief.

Plaintiff and intervenor each filed motions for summary judgment. Upon hearing, a partial summary

judgment was granted that plaintiff's written assignment of commissions was void and contrary to Neb. Rev. Stat. § 36-213 (Reissue 1978), and that plaintiff did revoke his written assignment on November 17, 1978. The court ordered the cause to proceed to trial on the remaining issues, including the terms of the oral contract and the rights of the parties therein. Upon trial, judgment was entered in favor of intervenor that it was entitled to all renewal and new commissions earned by plaintiff from General on policies written prior to December 7, 1978. Plaintiff appeals, assigning as error (1) the award of renewal commissions on policies written prior to August 1, 1977, and (2) exclusion of relevant evidence. This de novo review follows.

Briefly, the facts are that on August 1, 1977, plaintiff and Lee H. Sapp concluded negotiations and orally agreed to start a new insurance sales agency. Plaintiff was experienced in insurance sales and management, and he possessed several agency sales contracts, including one with General. Sapp was to provide the financing. A corporation would be formed; ownership would be 50-50; plaintiff would handle all sales and management; plaintiff's compensation would be $1,500 a month, business expenses, and use of a car; and plaintiff agreed to assign to the corporation all commissions thereafter due to him on policies sold by him as agent for General, whether new or renewals.

Sapp arranged for plaintiff to borrow funds to buy stock in the corporation and the stock was held by the lender as collateral. Plaintiff ultimately paid for and received stock representing a 40 percent interest in the corporation. Plaintiff received and was paid the agreed compensation. For the first few months, plaintiff's commissions from General were paid by check to him, and he endorsed them to intervenor. Later, plaintiff executed and filed with General a written assignment of commissions, and thereafter all General commissions, new and renewals, were paid by check to intervenor until this controversy arose and the plaintiff filed a re-

vocation of assignment with General.

The terms of the oral agreement and of the written assignment were generally performed by plaintiff and intervenor. Personal conflict developed between plaintiff and Sapp concerning plaintiff diverting to himself some General commissions, plaintiff's claim that Sapp was attempting to force him out of the business, and the payment and delivery of plaintiff's stock certificates. On December 7, 1978, plaintiff severed his working relationship with intervenor.

Plaintiff's main argument is that the judgment awarding to intervenor the renewal commissions on policies written prior to August 1, 1977, exceeded its prayer for relief, particularly referring to that part which states: "[T]hat the Assignment of Commissions dated August 1, 1977, be declared to be valid and in full force and effect, or in the alternative that the Court determine that the Intervenor is entitled to all commissions earned from the policies of insurance sold and issued through the efforts of the Intervenor or its employees, including Ralph Sullivan, from and after August 1, 1977 . . . ."Plaintiff cites as authority *Schmidt v. Richman Gordman, Inc.*, 191 Neb. 345, 215 N.W.2d 105 (1974), which was a law action and a jury verdict.

The prayer of a pleading tenders no issue, and neither adds to nor takes from the evidence required of either party. The prayer for general relief in an equity action is as broad as the pleadings and the equitable powers of the court sufficient to authorize any judgment to which the party is entitled under the pleadings and the evidence. *Standard Reliance Ins. Co. v. Schoenthal*, 171 Neb. 490, 106 N.W.2d 704 (1960); *Sechovec v. Harms*, 187 Neb. 70, 187 N.W.2d 296 (1971).

Intervenor having prayed for equitable relief, there is no merit to plaintiff's argument. Further, the evidence conclusively supports intervenor's pleadings and the judgment in its favor.

Plaintiff claims error that the court rejected certain evidence to show that intervenor breached the oral con-

tract, including evidence of a controversy between plaintiff and Sapp for the payment and delivery of corporate stock to plaintiff. The court did receive plaintiff's evidence in this area until the record revealed that the stock had been delivered to plaintiff, at which time a ruling was made that such evidence was not relevant. Under the pleadings and the court order defining the trial issues, such evidence was not relevant and no substantial right of the plaintiff was affected. See Neb. Rev. Stat. §§ 27-106 and 27-403 (Reissue 1979).

AFFIRMED.